## Cobb, Appellant v. Warren Street Railway Company.

*Street railways—Elevated crossing—Consent of property owners.*

Where no special injury will result to property owners on one side of a street by reason of the construction by a street railway of an elevated approach to a crossing of a steam railroad wholly upon the other side of the street, and outside of the traveled limits thereof, such owners have no standing to enjoin the construction.

Argued May 7, 1907.   Appeal, No. 132, Jan. T., 1907, by plaintiffs, from decree of C. P. Warren Co., Dec. T., 1906, No. 48, dismissing bill in equity in case of Edd Cobb, E. L. Coates, Henry A. Moll and Z. A. Blackwell v. Warren Street Railway Company.   Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.

LINDSEY, P. J., found the following findings of fact and conclusions of law :

This bill was filed by the plaintiffs to restrain the defendant from elevating its electric railway track in order to reach an elevated crossing over the Western New York and Pennsylvania railroad tracks at what is known as Glade, in this county.

1. The defendant, the Warren Street Railway Company, is a corporation organized under the Act of Assembly of May 14, 1889, P. L. 211.   Its charter is for an electric street railway leading, inter alia, from the borough of Warren to the village of Sheffield, a distance of about thirteen miles.

2. The defendant has constructed and is now engaged in operating its road from the borough of Warren along the public highway to a point in Glade township, Warren county, at the north end of a bridge over the Allegheny river, and from the opposite side of said bridge to Sheffield in said county, the passengers having to transfer from the cars at the north end of said bridge and walk across said bridge to the cars at the south end of the bridge.

3. The Western New York and Pennsylvania Railroad runs along the north side of the Allegheny river and crosses the public road leading to said bridge, near the north end

thereof, which railroad is operated by the Pennsylvania Railroad Company.

4. The highway from the borough of Warren, upon which the tracks of the defendant company are located, runs in an easterly course to a point opposite the said bridge and is known as the Warren and Ridgway turnpike, and from said point there is a public road leading across the said railroad tracks to the bridge and over said bridge across the river.

5. By a proceeding in equity in the court of common pleas of Warren county, between the said Pennsylvania Railroad Company and the said Warren Street Railway Company, defendant, prior to the filing of the bill in this case, to wit: on September 21, 1906, a final decree was entered allowing an overhead crossing of the tracks of the said railroad company by the Warren Street Railway Company, at the point in question, to be at least twenty-two feet in height in the clear over the tracks of said railroad company.

6. On November 16, 1906, and prior to the filing of the bill in this case, the township of Glade, by its supervisors, by written agreement granted to the said Warren Street Railway Company, defendant, the right to construct an elevated approach to the overhead crossing over the tracks of the said railroad and to cross with its tracks the line of said railroad company on an overhead bridge in said township of Glade. Said elevated approach to be built along the south side of the highway leading to the bridge.

7. The defendant, the said Warren Street Railway Company, is the owner of a portion of the land and premises on the southern side of said highway, and prior to the filing of the bill in this case obtained a grant from the other owners along the south side of said highway, of the right to build its elevated approach along said highway to the overhead crossing.

8. The property owned by the plaintiffs is located upon the opposite side of said highway, and none of the plaintiffs own any land on the southerly side of said highway abutting on the highway over which the proposed elevated approach to the crossing runs.

9. Under the provisions of the act of assembly for the building of public roads under the direction of the state highway Department, a macadamized or Telford road has been built,

commencing at a point in the public road leading to the bridge across the Allegheny river and running to the Warren borough line. And all of the pedestals of the proposed elevated approach to the overhead crossing are located south and away from said macadamized road and from any portion of the public highway as now traveled. And for most of the distance there is a ditch between the side of the proposed elevated approach and the edge of the said macadamized roadway of some two feet along the greater portion of the distance, the pedestals for the support being about in line with the telegraph poles heretofore set along said road.

10. We are not able to find from the evidence that the plaintiffs' view will be obstructed to any appreciable extent, as the approach to the overhead crossing will be upon trestle-work constructed of iron, and in front of some of the plaintiffs' premises it will be so low as not to interfere with the view complained of.

11. A line of pedestals for the support of said approach extends into the highway about seven and one-half feet except the most easterly one, or nearest the bridge, which is about four and one-half feet, but no farther than is necessary in order to make the curve for the overhead crossing and the bridge, the defendant having made its location as far to the southward on the south edge of the street, as it could be made, with a safe curvature, in reaching the overhead crossing within the limits of the public road where it crosses the steam railroad.

The foregoing findings of fact lead to the following conclusions of law.

1. As the plaintiffs' property extends only to the center of the highway and as no part of it is taken and no additional servitude is added to it, and as defendant has the consent of the township supervisors and owners of all the land not owned by it on the opposite or southerly side of the highway, and as none of the plaintiffs will thereby be specially injured, they have no standing to prevent the erection of said elevated approach to the overhead crossing over the steam railroad tracks.

2. The plaintiffs' bill should be dismissed.

*Error assigned* was the decree of the court.

*D. I. Ball,* with him *D. U. Arird,* for appellants.

· *W. E. Rice*, with him *W. D. Hinckley* and *J. H. Alexander*, for appellee.·

PER CURIAM, May 20, 1907:
The decree is affirmed on the findings of fact and law by the learned judge of the common pleas.